IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GABRIELA OLIVO, § § <br> Plaintiff, § § <br> v. § <br> § <br> CERTAIN UNDERWRITERS AT § <br> LLOYD'S, LONDON § § <br> Defendants. § § § | Civil Action No. 19-cv-03910 <br> (JURY) |

## NOTICE OF REMOVAL

Defendants CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. AS350LA02213-0, each for themselves alone and no other, severally not jointly, based on their own respective percentage of interest, ("Underwriters" or "Defendants") timely file this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. § 1446(b), removing this action from the 189th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division and in support thereof show as follows:

### A. Introduction

1. Plaintiff commenced this lawsuit against Defendants in the 151st Judicial District Court of Harris County, Texas on or about August 23, 2019. A true and correct copy of the Original Petition along with documents reflecting service are attached hereto as Exhibit "A." Plaintiff served the Original Petition on Defendants Underwriters through its registered agent on September 11, 2019.

2. Defendants file this Notice of Removal within 30 days of their first receipt of Plaintiff's Original Petition as required by 28 U.S.C. § 1446(b).

3. Plaintiff seek to recover damages in this lawsuit based on allegations of breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. Plaintiff seeks damages for alleged knowing violations of the Insurance Code, penalty and statutory interest, and attorneys' fees. Plaintiff's claims against Defendant arise under a homeowner's policy of insurance issued by Underwriters. Plaintiff alleges her property was damaged in a storm occurring on or about August 28, 2017.

4. Plaintiff's claims against Underwriters are rephrased allegations that Underwriters failed to sufficiently compensate Plaintiff for its alleged losses from Hurricane Harvey.

**B.    Jurisdiction & Removal**

5. In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

6. Complete diversity under 28 U.S.C. § 1332 exists in this case. Plaintiff is a citizen of the State of Texas. Certain Underwriters at Lloyd's, London subscribing to Policy No. AS350LA02213-0 are comprised of Syndicates 1686 and 318. AXIS Corporate Capital U.K. Limited for and on Behalf of Syndicate 1686 is a Corporate Member of Syndicate 1686 and its principal place of business is 21 Lombard Street, London, EC3V 9AH. Cincinnati Global Underwriting Ltd. for and on Behalf of Syndicate 318 is a Corporate Member of Syndicate 318

and its principal place of business is One Minster Court, Third Floor, Mincing Lane, London, EC3R 7AA.

7. In addition, the amount in controversy meets the minimum jurisdictional requirements under 28 U.S.C. § 1332. Here, although Plaintiff states she is suing for monetary relief of less than $75,000, she fails to include a stipulation or affidavit to that effect. The face of the plaintiff's pleading will not control if made in bad faith. The inquiry does not end merely because the plaintiff alleges damages below the threshold. Plaintiff can only end that inquiry by showing, *with legal certainty*, that their recovery will not exceed that amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). To meet this obligation, Plaintiff can cite a statute that limits their recovery accordingly or they can file a binding stipulation or affidavit regarding those damages with their complaint. *Id.* See also *Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 WL 2471905 at *4 (S.D. Tex. Jun. 16, 2010); *Troiani v. Allstate Ins. Co.*, No. B-06-00067, 2006 WL 1851378 at *1 (S.D. Tex. Jul. 3, 2006). Here, Plaintiff has done neither.

8. Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000 to avoid removal. Thus, a specific demand such as Plaintiff's cannot be deemed the amount in controversy because "[s]uch manipulation is surely characterized as <u>bad faith</u>." *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.")

9. If a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is a legal

3

certainty that he will not be able to recover more than the damages for which he has prayed in the state court complaint. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1995).

10. To support the allegation that the amount in controversy exceeds $75,000.00, the defendant may rely on an estimation of damages calculated from the allegations in the complaint. *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). The Defendant may also rely on the notice of removal, affidavits, stipulations, interrogatories, or other evidence. *De Aguilar,* 11 F.3d at 58. If the court finds it necessary to consider additional information, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are, *inter alia*, penalties, statutory damages, and punitive damages—*not* interest or costs. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy. *Id.* Here, the combination of Plaintiff's allegations and Defendant's evidence demonstrate by more than a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

11. In her Petition, Plaintiff states she seeks:

 (a) Unspecified damages she alleges have resulted due to Defendant's alleged breach of contract. (See paragraph 18 of the Petition).

 (b) Statutory damages in the amount of 18% interest on the total amount of the claim. (See paragraph 19 of the Petition).

 (c) Exemplary and/or treble damages. (See paragraph 25 of the Petition).

 (d) Attorney's fees. (See paragraphs 26, 27 and 28 of the Petition).

12. Further, in any first party damage case, the contractual amount in controversy is the limits of the policy. In this case, the policy limits are $128,000 for the Dwelling, $12,800 for

other structures, $45,000 for personal property, and $12,800 for additional living expenses. *See* Exhibit "B" attached hereto.

13. It is clear the types of damages Plaintiff is seeking, when considered jointly, put her well above the jurisdictional minimum. Taking all of the allegations together, Defendants have ample reason to believe the potential damages in this matter would be in excess of the minimum required for diversity jurisdiction.

14. Further, on September 17, 2018, Plaintiff served a demand letter, including a repair estimate in the amount of $33,865.42, plus $3,950 in attorney fees and other expenses, for a total of $37,815.42. *See* Exhibit "C" attached hereto. Plaintiff's lawsuit seeks treble damages which is $101,596.26, not including interest or fees. Not included in this amount is Plaintiff's claim for attorney fees through trial and appeal.

15. Assuming the Plaintiff seeks as little as $5,000.00 for attorney fees, the amount in controversy exceeds $75,000.00.

| Claim for Damages | Plaintiff's Alleged Damages |
|---|---|
| Actual damages alleged for breach of contract | $33,865.42 |
| Treble Damages for knowing violations of the Texas Insurance Code. | $67,730.84 |
| 18 percent interest for violations of the Insurance Code | $6,095.78 |
| Prejudgment interest at 6% | $2,031.93 |
| Attorney's Fees | $5,000.00 |
| **Total to Date:** | **$114,723.97** |

16. For these reasons, Defendants believe that the amount in controversy exceeds the sum of $75,000.00. Defendants have also made such showing by a preponderance of the evidence as required by applicable federal law.

17. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

18. Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of Court for the 189th District Court of Harris County, Texas pursuant to 28 U.S.C. § 1446(d).

19. Attached hereto are all documents required by LR 81, USDC/SDTX Local Rules and 28 U.S.C. § 1446(a).

20. Defendant demanded a jury in the state court action. Defendant also requests a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure and LR 38.1, USDC/SDTX Local Rules.

21. All fees required by law in connection with this Notice have been tendered and paid by Defendant.

WHEREFORE, Defendants hereby remove the above-captioned matter now pending in the 189th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

                                               **SHEEHY, WARE & PAPPAS, P.C.**

                                               By:  */s/ D. Christene Wood*
                                                     D. Christene Wood
                                                     Texas State Bar No. 24042188
                                                     Southern District I.D. No. 567102
                                                          cwood@sheehyware.com
                                                   2500 Two Houston Center

909 Fannin  
Houston, Texas 77010  
713-951-1000  
713-951-1199 – Facsimile

**ATTORNEYS FOR THE DEFENDANTS**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Federal Rules of Civil Procedure on this the 9th day of October 2019 to the following counsel of record:

*Via E-service*  
Anthony G. Buzbee  
Christopher J. Leavitt  
THE BUZBEE LAW FIRM  
JP Morgan Chase Tower  
600 Travis, Suite 6850  
Houston, Texas 77002

*Via E-service*  
Stephen R. Walker  
Gregory J. Finney  
Juan A. Solis  
LAW OFFICES OF MANUEL SOLIS, PC  
6657 Navigation Blvd.  
Houston, Texas 77011

                                                                           */s/ Jonathan R. Peirce*  
                                                                           Jonathan R. Peirce

3594304